■ DAVID W. BERNSTEIN et al., Appellants, v VICTOR FREUDMAN et al., Respondents. — Order, Supreme Court, New York County (Martin Evans, J.), entered October 25, 1984, denying plaintiffs' motion for partial summary judgment on the third cause of action with leave to renew if the judgment previously entered herein is not reversed by the Court of Appeals, and remains unpaid, modified, on the law, without costs or disbursements, to strike the provision for renewal and, except as thus modified, affirmed.

On March 29, 1978, the parties entered into an agreement which provided, *inter alia,* that plaintiffs would, without charge, transfer a portion of the 9.1 acres of land they owned to defendants, the prospective owners of adjoining property, who, in turn, would, at their sole expense, construct a sewage treatment plant that would service both plaintiffs' and defendants' property and permit the construction of at least 82 one-family homes on the remainder of plaintiffs' parcel. That remaining parcel, after transfer of the portion for construction of the sewage treatment plant, was to be known as plaintiffs' "net land".

Plaintiffs would own 25% and defendants 75% of the total authorized shares of stock of the corporation which was to be formed to build and maintain the sewage treatment plant. As part of the agreement plaintiffs were to pay a management fee of 10% of the selling price of their net land in consideration of defendants' "performance * * * of all [their] duties, liabilities and obligations under * * * th[e] Agreement". This management fee, payable at the closing of title when plaintiffs sold their net land, was to be paid in part by the assignment, without recourse, of an interest in the purchase-money mortgage which plaintiffs were to take back on such sale. The agreement further expressly contemplated a joint venture arrangement whereby each party would offer the other a participating interest, on a 75%-25% basis, in any land presently owned or thereafter acquired within the same natural drainage basin as was plaintiffs' land, or in any property that would use the sewage treatment plant. These properties were to be known as "joint land". The agreement also provided that defendants were to pay plaintiffs a sum calculated pursuant to a stated formula on the sale of homes constructed on joint land and connected to the sewage treatment plant.

Plaintiffs performed their end of the bargain, including the assignment of the purchase-money mortgage on the closing of title on their net land. The sewage treatment plant has been built. Defendants, however, have refused to make the formula payments and plaintiffs, in their third cause of action, alleging nonperformance by defendants of their contractual obligations as a result, sue for the reassignment of the purchase-money mortgage. On a previous appeal to this court plaintiffs were awarded summary judgment on the first two causes of action which were based on defendants' refusal to make the formula payments. An appeal from that determination is now pending in the Court of Appeals. On the basis of that determination plaintiffs moved for partial summary judgment directing defendants to reassign the previously assigned purchase-money mortgage.

Special Term denied the motion on the ground that payment of the judgment on the first and second causes of action after the exhaustion of all appeals will constitute performance of defendants' obligations under the agreement while success in the Court of Appeals on the appeal of that judgment will resolve in their favor the issue of the performance of defendants' obligations under the agreement. The denial, however, was without prejudice to renewal of the motion upon disposition of the appeal and, if plaintiffs were successful, upon proof of nonpayment of the judgment. Since we find that issues of fact unrelated to the preclusive effect of the prior determination militate against an

award of summary judgment on the third cause of action, we affirm Special Term's denial of the motion, but modify to eliminate the renewal provision.

The sole breach of contractual obligation alleged in the third cause of action justifying reassignment of the purchase-money mortgage is the failure to make the formula payments. It is not altogether clear to us, especially since the contract provides for the payment of two separate and distinct management fees, one for 10% and the other for 9%, one due on a sale of net land, the other on a sale of joint land commonly owned, that the assignment of the purchase-money mortgage in part payment of the management fee due on the sale of net land is necessarily implicated in the performance of the formula payment obligation, which relates only to the sale of joint land. It may be that the 10% management fee, as to which the assigned purchase-money mortgage constituted part payment, was fully earned upon the sale of net land, assuming defendants had fully performed their obligations to that point. Neither the contract itself, which does not define management fee or explain what services it was intended to compensate, nor the submission at Special Term provides any enlightenment on this factual question. Thus, we cannot determine whether the obligations to assign the purchase-money mortgage and to make the formula payments were separate and divisible or mutually reciprocal. A trial is necessary to resolve this issue of fact. Concur — Sullivan, J. P., Ross, Bloom and Fein, JJ.